# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| RICHARD LYNN DOPP, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 12-CV-289-GKF-TLW |
|  | ) |  |
| RANDALL WORKMAN, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

On May 18, 2012, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), a motion to proceed *in forma pauperis* (Dkt. # 2), a motion for leave to exceed page limitation (Dkt. # 3), a supporting brief (Dkt. # 4), and exhibits in support of his petition (Dkt. # 5). On May 30, 2012, Petitioner filed a second motion to proceed *in forma pauperis* (Dkt. # 7). In his petition, Petitioner challenges the constitutionality of his conviction and sentence entered in Ottawa County District Court, Case No. CF-1996-265. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

First, in reliance upon the representations set forth in the second motion to proceed *in forma pauperis*, the Court finds Petitioner is currently without funds sufficient to pay the filing fee in this action and concludes that Petitioner shall be granted leave to proceed *in forma pauperis*. The first motion to proceed *in forma pauperis* shall be declared moot. The Court further finds that the motion for leave to exceed page limitation shall be granted and the brief in support shall remain filed of record in this matter.

Petitioner has in the past filed another habeas corpus action in this Court, N.D. Okla. Case No. 02-CV-616-JHP-PJC, challenging the same conviction and sentence at issue in this case. In the prior case, the Court denied the petition by Opinion and Order entered October 3, 2005. In denying habeas relief, the Court substantively addressed federal grounds for setting aside Petitioner's state conviction. Judgment in favor of Respondent was entered on October 3, 2005. Petitioner appealed to the Tenth Circuit Court of Appeals. On November 6, 2006, the appellate court denied a certificate of appealability and dismissed the appeal. The docket sheet for Case No. 02-CV-616-JHP-PJC also reflects that on May 7, 2007, the Tenth Circuit Court of Appeals denied Petitioner's request for authorization to file a successive petition for writ of habeas corpus.

In the instant petition for writ of habeas corpus (Dkt. # 1), Petitioner claims that: (1) his current sentence violates the prohibition against double jeopardy, (2) his current "reincarceration" is the result of an unlawful arrest and deprivation of due process,[1] (3) errors occurred in his attorney's stipulation to a bifurcated trial, (4) his sentence of life without parole is a "miscarriage of justice" since he is actually innocent of a conviction entered in CRF-86-86A and used for purposes of enhancement, (5) plain fundamental errors constituting jurisdictional defects have resulted in Petitioner's sentence of life without parole rising to the level of cruel and unusual punishment, (6) his fine of $25,000.00 was entered in violation of the equal protection clause, and (7) trial counsel provided ineffective assistance in failing to investigate whether the State offered any sentence other than life without parole in exchange for a guilty plea. See Dkt. # 1. As discussed

---

[1] In support of this claim, Petitioner alleges that on October 5, 2009, he was "unconditionally" released from the Lawton Correctional Facility. See Dkt. # 1. He went to his mother's house in Miami, Oklahoma, where he remained until he was arrested, without a warrant, on November 6, 2009. Id. Ultimately, he was returned to custody to serve his sentence of life without the possibility of parole, as entered in Ottawa County District Court, Case No. CF-1996-265.

above, the Court has previously determined, in N.D. Okla. Case No. 02-CV-616-JHP, the legality of Petitioner's detention. Therefore, the petition filed in this case is a second or successive habeas petition and Petitioner was required to obtain authorization from the Tenth Circuit Court of Appeals before filing it. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Although the docket sheet for N.D. Okla. Case No. 02-CV-616-JHP reflects that Petitioner did apply for authorization to file a second habeas petition in 2007, that request was denied. Nothing suggests that Petitioner received authorization from the Tenth Circuit before filing the instant petition in this Court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After review of the petition filed in this case, the Court finds that it would be a waste of judicial resources to transfer this petition to the Tenth Circuit. With the possible exception of ground 2, the claims raised in the petition arose at the time of trial and sentencing, or approximately fourteen (14) years ago, and are time-barred. 28 U.S.C. § 2244(d)(1)(A). Even if ground 2 is not time barred,[2] it is frivolous[3] and subject to a procedural bar.[4] Therefore, the Court finds it is not in the interest of justice to transfer the petition filed in this Court to the Tenth Circuit and the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition in this Court.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. Petitioner's second motion to proceed *in forma pauperis* (Dkt. # 7) is **granted**.

2. Petitioner's first motion to proceed *in forma pauperis* (Dkt. # 2) is **declared moot**.

---

[2] In his petition, Petitioner states that he presented his ground 2 claim to the state courts by way of a petition for writ of habeas corpus filed in Pittsburg County District Court, Case No. CV-2011-040. See Dkt. # 1. According to the docket sheet for that case, see www.odcr.com, Petitioner filed his petition for writ of habeas corpus on March 18, 2011, or more than sixteen (16) months after he states he was arrested at his mother's house on November 6, 2009. Under 28 U.S.C. § 2244(d)(1)(D), this claim would appear to be time-barred.

[3] In denying Petitioner's petition for writ of habeas corpus, the Pittsburg County District Court Judge found that "Petitioner's claim that he is being held unlawfully on an expired sentence is without merit as his release from prison was obtained by a fraudulent document purporting to be an amended judgment and sentence . . . The Court finds the Petitioner's sentence to LWOP has not been lawfully modified and he is, therefore, not entitled to release from prison. The Court further finds the Petitioner's claim is frivolous." See Dkt. # 1, Ex. A.

[4] The record provided by Petitioner reflects that on April 26, 2012, the OCCA found that Petitioner's appeal was untimely under Rule 10.1(C), *Rules of the Oklahoma Court of Criminal Appeals*. See Dkt. # 1, Ex. B. For that reason, the OCCA declined jurisdiction and dismissed the appeal. Id. The state court's procedural bar is independent and adequate to preclude federal habeas corpus review. See Gonzales v. Jordan, 37 Fed. Appx. 432, 435-36 (10th Cir. 2002) (unpublished).

4

3. Petitioner's motion to file brief in excess of page limitation (Dkt. # 3) is **granted**.

4. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

5. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition.

6. A separate judgment shall be entered in this matter.

DATED THIS 6th day of June, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT